IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROGER NELSON,

    Plaintiff,

v.                                       CASE NO. 5:05cv52-RH/WCS

CORRECTIONS CORPORATION OF
AMERICA,

    Defendant.

_____/

**ORDER DENYING MOTION TO STRIKE
COMPLAINT OR FOR MORE DEFINITE STATEMENT**

      This is a Title VII case. Defendant has moved to strike (essentially to dismiss) the complaint and alternatively for a more definite statement.

      A motion to dismiss for failure to state a claim should be granted only if it appears to a certainty that the plaintiff would be unable to recover under any set of facts that could be proved in support of the complaint. *See, e.g., Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994); *see also Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Judged by that standard, plaintiff's complaint in the case at bar easily passes muster. The motion to "strike" will be denied.

To be sure, defendant asserts that the complaint omits critical dates and details. But the test of the sufficiency of a complaint is not whether it has alleged with precision everything the plaintiff will have to prove in order to prevail at trial. *See, e.g., Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (rejecting assertion that complaint could be dismissed for failure to plead all elements of a Title VII prima facie case and noting that a complaint need only include a short and plain statement of the claim; defendants may obtain further details through discovery).

Defendant also notes that the administrative charge attached to plaintiff's complaint is unsigned. That does not conclusively establish, however, that plaintiff failed to file a proper charge. If, in fact, plaintiff failed to do so, defendant may seek summary judgment immediately. But the failure to attach a charge to the complaint is not a basis for dismissal. *See, e.g., Leatherman v. Tarrant County Narcotics and Intelligence and Coordination Unit*, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (reversing dismissal of complaint for failure to plead with sufficient detail and adding, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later").[1]

---

[1] In his memorandum in opposition to the motion to dismiss, plaintiff asserts he filed a properly signed charge, and he attaches a copy. This confirms what would be obvious in any event: one cannot tell, from the complaint, whether plaintiff did or did not file a proper charge. This is simply not an issue that can

Nor is defendant entitled to a more definite statement. Defendant may, instead, learn any details it needs concerning plaintiff's claims through discovery. Plaintiff should expect to file full and timely responses to any proper discovery propounded by defendant.

For these reasons,

IT IS ORDERED:

Defendant's motion to strike or for a more definite statement (document 9) is DENIED.

SO ORDERED this 5th day of May, 2005.

s/Robert L. Hinkle  
Chief United States District Judge

---

properly be resolved on defendant's motion to strike.