IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROGER NELSON,

    Plaintiff,

vs.                                Case No. 5:05cv52-RH/WCS

CORRECTIONS CORPORATION
      OF AMERICA,

    Defendants.

_____/

## O R D E R

Plaintiff has moved to quash a Rule 45 subpoena to a third party.  Doc. 20 and 22 (as amended with attachment).  Defendant has responded.  Doc. 25.

The motion does not have a certificate of conferral as required by Local Rule 7.1(B).  The motion is denied for that reason.

The motion is also denied on the merits.  Plaintiff argues that the "requests are too broad, oppressive and invasive and are not reasonably intended to led to any relevant evidence."  Doc. 22.  "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."  Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975), *citing* 5A J. Moore, Fderal Practice P 45.05(2), (2d ed. 1974).  Defendant lacks standing to object to

this third-party subpoena duces tecum except with respect to privilege, trade secrets, confidential research, commercial information, or similar grounds personal to Plaintiff. Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997); Diamond State Ins. v. Rebel Oil Co., 157 F.R.D. 691, 695 (D. Nev. 1994); United States v. Nachamie, 91 F.Supp.2d 552, 558 (S.D. N.Y. 2000); Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001). See Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979); Stevenson v. Stanley Bostitch, Inc., 201 F.Supp.2d 551, 555 n. 3 (N.D. Ga. 2001); United States v. Cimino, 219 F.R.D. 695, 696 (N.D. Fla. 2003).

Plaintiff asserts that the subpoena is "invasive" and "abusive," and in support of this, argues that since Plaintiff seeks "garden variety" emotional damages, his medical records are not relevant. Medical records are only a portion of the records sought by this subpoena. Plaintiff has no standing to argue that medical records are not relevant to his claims. Plaintiff could have argued a privacy interest or a privilege arising from communications with a psychologist, but the motion does not contain a memorandum of law, as required by Local Rule 7.1(A), and thus no legal basis for the assertion of such a personal interest has been shown. A privilege must be asserted document-by-document, and not "tossed as a blanket over an undifferentiated group of documents." In re Grand Jury Subpoena, 831 F.2d 225, 227 (11th Cir. 1987)(attorney-client privilege). A failure to assert a privilege in a timely manner with sufficient specificity is a waiver of the privilege. Jaffe v. Grant, 793 F.2d 1182, 1190 n. 6 (11th Cir. 1986) (Fifth Amendment privilege); Peat, Marwick Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) (attorney-client privilege); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10-12 (1st Cir. 1991).

Accordingly, it is **ORDERED** that Plaintiff's motion to quash, doc. 20, as amended, doc. 22, is **DENIED**.

**DONE AND ORDERED** on June 29, 2005.

        **s/   William C. Sherrill, Jr.**
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**