IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


ROGER NELSON,

    Plaintiff,

vs.	Case No. 5:05cv52-RH/WCS

CORRECTIONS CORPORATION
OF AMERICA,

    Defendant.

_____/


**O R D E R**

Defendant has moved to compel Plaintiff to sign releases for records and to compel the Florida Army National Guard to produce documents sought by a subpoena duces tecum directed pursuant to Rule 45 to the National Guard. Doc. 28. Plaintiff has responded. Doc. 31.

Defendant seeks leave to file a reply. Doc. 32. That motion will be granted, and the reply, attached to document 32, has been considered.

On May 23, 2005, Defendant served upon Plaintiff a request for production of documents. Request 16 asked Plaintiff to sign a HIPPA release authorizing the release of his medical and mental health records and to send it back to Defendant. Doc. 28, ex.

A, request to produce 16. Plaintiff did not make any objection to this request for production within the time for making objections.

On June 10, 2005, Plaintiff filed a motion to quash "Defendant's Notice of Production from a Non-Party." Doc. 20. The motion did not contain a certificate of conferral with the opposing party, and did not attach exhibit A as indicated in the motion. The motion interposed an objection as to production of mental health records, but lacked a memorandum of law to explain the objection. *Id.* A memorandum is required. N.D. Fla. R. 7.1(A).

On June 16, 2005, the same motion was filed, attaching exhibit A. Doc. 22. Exhibit A was a notice from Defendant that within ten days from service of the notice, Defendant intended to apply for issuance of a subpoena to the Florida Army National Guard for production of Plaintiff's mental health records and other records. *Id.* Federal Rule of Civil Procedure 45(c)(3)(A)(iii) states that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies[.]" While Plaintiff's motion predated the issuance of this subpoena, Plaintiff sought the same relief that is afforded by Rule 45(c)(3)(A)(iii).

On June 28, 2005, I denied the second motion to quash because it did not contain a certificate of conferral. Additionally, with respect to production of mental health records, I found that

> Plaintiff could have argued a privacy interest or a privilege arising from communications with a psychologist, but the motion does not contain a memorandum of law, as required by Local Rule 7.1(A), and thus no legal basis for the assertion of such a personal interest has been shown. A privilege must be asserted document-by-document, and not "tossed as a

> blanket over an undifferentiated group of documents." *In re Grand Jury Subpoena*, 831 F.2d 225, 227 (11th Cir. 1987) (attorney-client privilege). *A failure to assert a privilege in a timely manner with sufficient specificity is a waiver of the privilege. Jaffe v. Grant*, 793 F.2d 1182, 1190 n. 6 (11th Cir. 1986) (Fifth Amendment privilege); *Peat, Marwick Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (attorney-client privilege); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 10-12 (1st Cir. 1991).

Doc. 27, p. 2 (emphasis added).

The subpoena served upon the Florida Army National Guard the next day, on June 29, 2005, sought, among other things, Plaintiff's mental and physical health records since 1992, including those related to Plaintiff's return from Iraq in 2004.

The Florida Army National Guard did not timely serve objections to the subpoena pursuant to Rule 45. Doc. 28, p. 3. Written objections to the subpoena, if any, were due within 14 days of service of the subpoena. Rule 45(c)(2)(B). It did, however, refuse to produce the documents by letter dated July 26, 2005. *Id.*, ex. I. In that letter, the attorney-advisor said that his office had sought permission from the soldier concerned (Plaintiff) and permission to release those records was denied. *Id.* The Florida Army National Guard further said that the records would be released pursuant to a court order. *Id.* The Guard has not filed opposition to the subpoena in this Court.

In the week of July 29, 2005, Plaintiff sent to Defendant signed releases for all records except for his mental health records. Doc. 28, p. 4. Defendant argues now that Plaintiff waived objections to the request for production of his mental health records, and should be compelled to sign the releases. *Id*.

Request 16 of Defendant's requests for production was not a request for production of Plaintiff's medical records. Request 16 asked Plaintiff to sign a release in substantially the form attached to the request. Rule 34 permits the inspection and

copying of "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served."  It does not require the responding party to create a document that does not already exist within its custody or control.  Alexander v. F.B.I., 194 F.R.D. 305, 309 (D. D.C. 2000), citing Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co., 576 F.Supp. 511, 511 (W.D. Pa.1983) and 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2210 (2d ed. 1994) ("[A] party cannot be required to permit inspection of documents or things that it does not have and does not control."); Marchese v. Secretary, Dept. of the Interior, No. Civ. A. 03-3082, 2004 WL 2297465, *4 (E.D. La. 2004).  Thus, Plaintiff cannot be compelled to sign a release that has been demanded by means of a request for production pursuant to Rule 34.  This aspect of the motion will be denied.

Defendant also asks the Court to order the Florida Army National Guard to produce for inspection and copying the records sought in the subpoena duces tecum. Defendant argues that Plaintiff has waived objections because Plaintiff did not assert objections to Defendant's interrogatories in accordance with Rules 33 and 37.  Doc. 28, p. 6.  Defendant has not identified the interrogatory involved.  The motion stated that the medical release was sought pursuant to request for production 16, propounded pursuant to Rule 34.

Plaintiff argues that he should now be permitted to assert his psychotherapy privilege.  Plaintiff's counsel asserts that Plaintiff was deployed "out of town" in late June or early July, and she talked with counsel for Defendant and "would discuss the releases and respond with a signed release or an objection on or before July 29, 2005[,]

Case No. 5:05cv52-RH/WCS

after Plaintiff returned home." Doc. 31, pp. 1-2. Apparently all releases were then signed except for the release for psychiatric records. *Id.* Plaintiff's counsel argues that she has had difficulty communicating with Plaintiff because he has been deployed overseas in the military several times. Plaintiff's counsel states that she "only learned of the existence of psychiatric records after Plaintiff was deployed, but Plaintiff was not able to talk to Plaintiff about his psychiatric records until he returned to Panama City in late July[,] 2005." *Id.*, p. 4. She states that she asserted the privilege as soon as she learned of Plaintiff's privacy issues.

In reply, Defendant states that Plaintiff was deployed overseas in 2004, not this year, and has been available to discuss this matter with counsel in the last few months. Defendant also notes that it did not agree to an extension of time to interpose an objection. Finally, Defendant argues that Plaintiff has not followed the formalities of 50 U.S.C.A. § 522, Servicemembers Civil Relief Act of 1940, as amended, for obtaining a stay of these proceedings.

Plaintiff has a psychotherapist privilege in confidential communications with a psychotherapist. <u>Jaffee v. Redmond</u>, 518 U.S. 1, 15, 116 S.Ct. 1923, 1931, 135 L.Ed.2d 337 (1996) ("confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence"). "Like other testimonial privileges, the patient may of course waive the protection." 518 U.S. at 15, n. 14, 116 S.Ct. at 1931, n. 14.

Plaintiff waived the privilege here by failing to arguing it properly in the motion to quash the notice of production from the Florida Army National Guard. Plaintiff's attorney

should have moved for an extension of time if she was having problems discussing this issue with Plaintiff.  Plaintiff will not be permitted to argue the issue again.  Plaintiff has not demonstrated entitlement to any relief pursuant to the Servicemembers Civil Relief Act of 1940.  The motion to compel the Florida Army National Guard to comply with this subpoena will be granted.

Defendant has incurred unnecessary expenses in filing this motion.  The issue was settled on June 28, 2005, when I denied the motion to quash.  It is estimated that counsel for Defendant has reasonably incurred three hours of time in pursuit of this discovery.  At $200 an hour, it is estimated that Defendant's expenses are $600.

Accordingly, it is **ORDERED** that:

1. Defendant's motion for leave to file a reply, doc. 32, is **GRANTED**.  The Clerk shall file the attachment to document 32 as Defendant's reply.

2. Defendant's motion to compel, doc. 28, is **GRANTED in part**.  On or before **August 31, 2005**, the Florida Army National Guard shall produce for inspection and copying all of Plaintiff's mental health records.  To the extent that Defendant seeks an order that Plaintiff sign a release, the motion is **DENIED**.

3. On or before **August 31, 2005**, Plaintiff shall pay Defendant $600 as Defendant's expenses of this motion.

**DONE AND ORDERED** on August 17, 2005.

                s/   William C. Sherrill, Jr.
                **WILLIAM C. SHERRILL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**